UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAGNA ELECTRONICS, INC.,

    Plaintiff,

v.

VALEO, INC.,

    Defendant.
_____/

Case No. 14-10540

HON. DENISE PAGE HOOD

**ORDER DENYING MOTION TO STAY
AND SETTING SCHEDULING CONFERENCE DATE**

**I.     BACKGROUND**

This matter is before the Court on Defendants' Motion to Stay Proceedings Pending Inter Partes Review (hereinafter "IPR") of All Patents-in-Suit. Plaintiff Magna Electronics, Inc. filed a response opposing the motion. Defendants filed a reply to the response.

In its Amended Complaint, Plaintiff argues that Defendants infringed on its United States Letters Patent No. 8,643,724 (hereinafter "'724 Patent") for its invention entitled "Multi-Camera Vision System For A Vehicle," United States Letters Patent No. 8,543,330 (hereinafter "'330 Patent") for its invention entitled "Driver Assist System for Vehicle," and United States Letters Patent No. 8,676,491 (hereinafter "'491 Patent") for its invention entitled "Driver Assist System for Vehicle."

Plaintiff has a case involving similar patents pending against Defendants in this District Court before Judge Avern Cohn that may potentially be a companion case. *See Magna Electronics, Inc. v. Valeo, Inc. et al.,* Civ. No. 2:13-cv-11376 (filed March 28, 2013). In response to the filing of the complaint, Defendant Valeo filed several IPR petitions challenging the patentability of those patents, and that action before Judge Cohn was stayed *without opposition by Plaintiff. Id.,* Dkt. No. 15. Plaintiff claims the IPRs requested by Defendant Valeo have not been instituted.

## II.  ANALYSIS

The factors the Court considers in granting a stay are: 1) the stage of the litigation; 2) whether the stay will simplify the issues or present a clear tactical disadvantage to the non-moving party; and 3) whether a stay would unduly prejudice the nonmoving party. *Regents of the Univ. of Mich. v. St. Jude Med., Inc.,* 2013 U.S. Dist. LEXIS 76845 at *5 (E.D. Mich. 2013); *Procter & Gamble Co. v. Team Techs., Inc.,* 2013 WL 4830950 at *2 (S.D. Ohio Sept. 10, 2013). The requesting party bears the burden of showing circumstances that justify the exercise of the court's discretion to stay the case pending an IPR. *Everlight Elecs. Co., Ltd. v. Nicha Corp.,* 2013 WL 1821512 at *6 (E.D. Mich. Apr. 30, 2013).

As to the stage of the litigation factor, the Court has not issued a Scheduling Order pending a ruling in this matter, but the Complaint was filed on February 5,

2014.

Regarding whether the stay will simplify the issues, Plaintiff argues that because IPRs are speculative at the moment, a stay will not simplify the issues before the Court. A motion to stay for the duration of IPR proceedings is premature since review by the PTO is speculative. *Magna Electronics, Inc. v. TRW Automotive Holdings Corp.,* Case No. 1:12-cv-654 (W.D. Mich. June 12, 2014)(Ex. A to Resp.) However, if IPR reviews are granted and should the patents be cancelled by the Patent Office, any pending litigation would render the issues raised in that litigation moot. *Fresenius USA, Inc. v. Baxter Int'l Inc.,* 721 F.3d 1330, 1340 (Fed. Cir. 2013).

As to prejudice to the non-moving party, Plaintiff argues it will be prejudiced since the parties are direct competitors and a stay would cause harm to Plaintiff. Plaintiff claims any IPR will take at least two years and monetary damages cannot repair the harm it will suffer in the market if this case is stayed.

Weighing the factors, it appears that Defendants have not met their burden that a stay is warranted in this matter since no IPR has been instituted by the PTO as to the patents in suit. Although discovery has not been held in this case, the Complaint was filed in February 2014. As to the simplicity and tactic factor, because an IPR is speculative at this time, a stay is not warranted. Should the PTO grant IPR request, the stay may be revisited at that time. Regarding the prejudice factor, delay of the

patent case is prejudicial to Plaintiff since competition and damages are at issue.

### III.  CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Stay Pending Inter Partes Review (**Doc. No. 17**) is DENIED.

IT IS FURTHER ORDERED that a Scheduling Conference be held in this matter on **October 27, 2015, 2:00 p.m.**

                    S/Denise Page Hood
                    Denise Page Hood
                    United States District Judge

Dated:  September 30, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2015, by electronic and/or ordinary mail.

                    S/LaShawn R. Saulsberry
                    Case Manager